**BOWLES v. WATERMAN et al.**

District Court, S. D. New York.
May 10, 1946.

Callman Gottesman, of New York City (Barney Rosenstein and Harold Craske, both of New York City, of counsel), for plaintiff.

Allen E. Pusar, of New York City (Sidney O. Raphael, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

This is a suit under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e), for treble damages and a permanent injunction.

The Administrator charges that the defendants, as manufacturers of certain "commando knives", sold the same in violation of Maximum Price Regulation 188 (MPR 188).

The following facts are undisputed (stipulation dated March 20, 1946):

1. That the defendants between August, 1943 and June 21, 1944 were engaged in the business of manufacturing and selling to persons who purchased in the course of trade or business several models of knives with and without sheaths, referred to by the defendants as "commando knives".

2. That Maximum Price Regulation 188 issued pursuant to and in accordance with the Emergency Price Control Act of 1942 as amended was the regulation governing the establishment of maximum prices for sales of the aforesaid knives by the defendants during the said period.

3. That on or about the 27th day of March, 1944, the defendants made application to the Washington Office, Office of Price Administration, under Maximum Price Regulation for the fixing of maximum prices for each of said knives.

4. That on the 11th day of July, 1944, the plaintiff issued Order No. 1853 under Maximum Price Regulation 188, fixing the maximum prices for knives manufactured and sold by defendants.

5. That the total sales of said knives by the defendants during the period from December 21, 1943 to June 21, 1944, as aforesaid, exceeded the aggregated maximum prices fixed in said Order No. 1853 by the sum of $23,724.11, the amount of overcharges alleged in the complaint.

MPR 188 referred to in Paragraph 2 above provides for four pricing methods, applicable, under varying circumstances, to a number of types of commodities, including commando knives, where such commodities were not finally priced prior to August 1st, 1942.

We may disregard the first three pricing methods as concededly inapplicable to the defendants and center ourselves on the fourth pricing method which governs the defendants herein.

The latter method provides that where articles cannot be priced under any of the first three methods, their maximum price shall be the price in line with the level of maximum prices established by MPR 188, *specifically authorized by the Administrator, in the form of an order prescribing a maximum order.*

The procedure for obtaining this maximum price is set forth in Sec. 158(b) of the regulation. It directs that prior to first offering the commodity for sale the manufacturer shall submit to the Administrator a report applying for specific authorization of a maximum price. The regulation further directs that the report is to contain certain specified information. *After* receipt of the authorization, the manufacturer may offer the article for sale in accordance with the terms and conditions of the authorization.

The defendants sold their knives during the time that MPR 188 was in effect without availing themselves of the fourth pricing method to obtain an authorization for a maximum price. They continued to sell after they applied for a maximum price on March 27, 1944 and kept selling up to the time they received authorization to so sell on July 12, 1944. The authorization was Order No. 1853.

It is the government's position that *all* the sales made up to July 12, 1944 were in violation of the Act. If correct, this would dispose of the major issue in the case. However, defendants have urged upon the court that by its terms, Order No. 1853 was

not to become effective until after July 12, 1944, hence, the attempt by the Administrator to impose liability for sales prior to the effective date of the order is improper.

Order No. 1853 states that it shall become effective on the 12th day of July, 1944. In the absence of any other qualification, it would appear to speak for itself. But after examining the order in its entirety, I feel that an acceptance of defendants' contention would be doing violence not only to the spirit and intent of the order but to the very language itself.

The order reads, in part: "(a) The maximum prices for all sales and deliveries by Ezra Waterman and Company, 25 Bleeker Street, New York, New York, of knives of its manufacture, as described in its application, dated March 27th, 1944 *after such articles became subject to Maximum Price Regulation No. 188* * * *." (Emphasis by the Court.)

MPR 188 having been in effect at the time of the defendants' sales it becomes evident in the light of the emphasized portion of the order quoted above, that such sales made without prior authorization were illegal under Sec. 158(b) of MPR 188. Were this not so, the non-complier would be favored over the one who conforms since he could violate the regulation with impunity by merely sitting back and applying for an authorization at his convenience. I cannot believe that the law intended such an illogical result, and accordingly reject the defendants' contention that Order No. 1853 applies only to sales made by the defendants after July 12, 1944.

From the language employed in the order it is clear to me that the effective date of July 12, 1944 was inserted for purposes of protest proceedings, and to fix maximum sales prices for sales made after that date by wholesalers and retailers.

■ I see no gain in further prolonging the discussion since I am convinced that Order No. 1853 applies to all sales made by the defendant. The other points raised by the Administrator require no disposition in view of this determination.

It has been stipulated in Paragraph 5 of the stipulation above that the total amount of the overcharges is the sum of $23,724.11. The Administrator seeks an award of three times this sum urging that such an award should be made since the defendants have failed to sustain the burden of proof that the violations were "neither wilful nor the result of failure to take practicable precautions against the occurrence of the violations (Chandler defense)".

An award of damages under Sec. 205(e) of the Act, ranging between single and treble damages where the Chandler defense has not been sustained, rests in the discretion of the court.

■ From the evidence, I have concluded that the defendants have fallen short of sustaining the burden of proof with respect to the Chandler defense. I have decided after careful consideration to award damages in the amount of the overcharges plus one-half that amount in addition thereto ($23,724.11 and $11,862.06) making a total judgment against the defendants in the sum of $35,586.17.

■ In view of the fact that no violations have occurred since July 12, 1944, I find no necessity for the issuance of the injunction as prayed for in the complaint and the second cause of action is accordingly dismissed.

Judgment rendered for the plaintiff in accordance with the above opinion.

The following are the court's findings of fact and conclusions of law:

### Findings of Fact.

1. The facts set forth in the stipulation of the parties dated March 20, 1946 are found.

2. That the said sales by the defendants were made to persons who purchased in the course of trade or business, and that more than six months had elapsed since the enactment of the Emergency Price Control Act.

3. That the defendants have failed to establish that the overcharges resulting from the sales by defendants of the said "commando knives" were not wilful.

4. That the defendants failed to take all practicable precautions to prevent the occurrence of the aforesaid overcharges.

5. The defendants failed, prior to offering such "commando knives" for sale, to submit a report to the Office of Price Administration in accordance with Sec. 158(b) of Maximum Price Regulation 188, applying for the establishment of a maximum price or prices for the sale of such knives.

6. That defendants failed to price knives in accordance with the provisions of Maximum Price Regulation 188.

7. That no violations have occurred since July 12, 1944.

### Conclusions of Law.

1. The plaintiff is hereby awarded judgment against the defendants for overcharges in connection with the sales of knives by the defendants during the period December 21, 1943 to June 21, 1944, in the sum of $35,586.17.

2. The second cause of action is dismissed.